We're going to move to the third one for today, United States v. Smith. Okay, Miss Welch, will you speak with us? Good morning, Your Honors. Counsel, may it please the court. The parties agree that Jones establishes Mr. Smith is eligible for Section 404 relief. But contrary to the government's argument, this court should not affirm the district court's order based on its alternative ruling. The record below is insufficient to satisfy this court that at a minimum the district court considered the defendant's motion and the party's arguments. Here, despite repeated requests to be heard, the district court had nothing before it from the parties addressing whether it should exercise its discretion. The court only heard argument regarding eligibility. Here's the problem I'm having with your argument. I really don't. I mean, the district court said a lot about why it did what it did. And I don't really see what it is. You don't really tell me what it is that you could have possibly said that would have made a difference. It's one thing to tell me that you would have liked to have the opportunity to say something. But I don't understand what, in the absence of understanding what the something was, how it could have possibly made a difference and whether it be the sort of something that on the face of the record, it's clear the district court took into account. I understand. I have two responses to that. I think the first is that what's missing here, as your opportunity for Mr. Smith to file a substantive motion and sufficient evidence that the court considered arguments from the parties before it arrived at its alternative holding. My second response to that is that the specificity with which the district court articulated its are alternative reasons can't necessarily cure the procedural problem here that we have the district court came really close to anticipating correctly our ruling and judge and said it's not technically it wasn't technically right, but it said in the alternative look, if he's eligible, I'm not giving him relief and explains why and I don't, I mean, I don't understand what more needed to be done here or what would have been accomplished. Well, your honor the all of the court's concerns that it articulated in its alternative holding could actually have been addressed by briefing the fact what would have been said that would have made a difference. Mr. Smith could have raised pepper evidence evidence of exceptional rehabilitation. He would have raised arguments of intervening facts and law and he could have made arguments that specifically spoke to the district court's concern about Mr. Smith's criminal history. The the essence of the problem here is that none of those arguments are in the record because Mr. file substantive motion and defendants one possible way to look at this and we have older cases that say in different context that the denial of an opportunity to be heard is not harmless error and maybe one way of looking at this is to say maybe the district court wouldn't have come to the conclusion that it came to maybe it wouldn't have relied on the reasoning that it used had it received what Mr. Smith thought about those particular matters. I don't know but it's at least it to me. It's an argument that resonates that a district judge makes certain findings or certain reaches certain conclusions, but you won't you don't really know whether the judge would have reached those conclusions had the parties briefed the issues. That's correct. Your Honor. I completely agree with that. Yes. I think that you know, the government did the government argue only ineligibility when it responded according to the district court's order. It didn't address whether or not a reduction should have been given if the matter was within the district court's discretion. Yes, your Honor. That's exactly correct. And that is one of the reasons why I think this case is relies on because for instance in Gonzales defendant there was provided an opportunity to file a substantive motion and make whatever arguments he felt was appropriate and the district court had before it their argument at least from the government as to proper exercise of its discretion and it had supporting records regarding those the relevant discretionary factors in pots, which is also distinguishable for a similar reason. The district court again had before it argument from the government about exercise of its discretion. The court here had not the first step back contemplate. So is that for a defendant who is eligible for relief is a re-sentencing as if the Fair Sentencing Act had been effect at the time of the original sentencing and doesn't does not contemplate that there's anything else that changes. You point out, you know differences in facts and law and you know, one of the arguments that we rejected in Jones is that you go re-litigate, you know, pre-apprendi judge-made findings about drug quantity things things of that kind that that doesn't that's not contemplated by the act what the act is doing is it's giving retroactive benefit to the Fair Sentencing Act for defendant who was sentenced beforehand, but but it's as if that had been in effect. Nothing else changes though, right? That's correct. Your honor to two responses. Here the district court and we're all agreed on this. Now the district court actually make an erroneous eligibility determination and that's sort of our starting point was that but he does something for that's that's correct. And under and in response to that under this court precedent where in Stevens and Russell both even in Stevens when this court held specifically that the district court isn't required to give it here. Yeah reliance on on 3553 a factors. It said it said a bar that would allow this court a sufficient record if it could be satisfied that the defendants arguments and the and the party's arguments were considered in that that simply hasn't happened here. If Mr. Smith had been a very fact that you asked for relief under the act. Where the district court understands that well, even if I'm wrong about eligibility, I would still deny relief. He knows by virtue of the act that if the defendants eligible at the prisoners eligible for relief what what the act tells them sentences of the fair sentencing act have been effective at the time. Nothing else changes. What more is there? Well, your honor as judge Jordan pointed out earlier, I think that the act at least contemplates an opportunity for a defendant to make his 11 opportunity. We said that you don't get a hearing. District Court doesn't have a hearing. That's correct. Your honor. And we're not we're not contesting that or even requesting that Mr. Mr. Smith never had an opportunity to even file a substantive motion here. What happened was that he filed a pro se letter requesting appointment of counsel. It was one page and made no substantive argument and after an erroneous eligibility determination. Then the district court without hearing from anyone summarily denied relief in this summarily, even if you were eligible, I would do not you really respect that alternative discretionary holding didn't actually show up until later in the process. The first the first order denying relief simply said, Mr. Smith is ineligible. But he actually sat through the trial didn't he? Didn't the district judge sit through the trial and reference things that came up in the trial as the basis for deny the alternative basis for denying relief. I believe that's correct, your honor. And I we don't contest that the language in the district court's order is unambiguous on its face, but I'll go back to what's missing here is enough in the record for this court to be convinced that the district court did what it needed to do below which was consider a motion from the defendant and the party's arguments and here this court had neither. Thank you. Thank you. We'll hear from Mr. Good morning. May it please the court Don Tiffin on behalf of the United States. I would like to start with Mr. Smith's very strong contention that he was never afforded an opportunity to raise any quote-unquote substantive arguments here and I will point the court to several points in the record to establish that the record does not support that position council just pointed to the one-page letter that sort of began this first step at proceeding and that is document 129. It was a pro se document but in there a Mr. Smith does mention his request that the court examined his prison conduct his remaining sentence and I hope and I pray you deem me worthy of a second chance. So even at that very early stage, Mr. Smith was putting before the court a basis for sentence reduction. Should he be eligible on the district court? Construed that motion literally for what it was which was a vote which was a motion for appointment of counsel. It granted that motion it appointed counsel and after the federal defender appeared for Mr. Smith. Without that lawyer filing the motion and laying things out the district court ruled on a motion it or had already disposed of and treated as a substantive motion for relief that seems a little wacky to me and then when the parties asked for a briefing schedule, the court said no no briefing schedule. I'm ordering the government to respond. Then the government responds only on eligibility. And not on whether or not a discretionary matter, the court should deny relief. So it's like for me, it's a combination of things that sort of call out for a remand. Maybe the district court is going to end up in the same place again, but there was no formal motion for a reduction because the lawyer hadn't had an opportunity to file one yet. The first motion was terminated by being granted the court received no arguments from either side on the exercise of its discretion. So had any of those things been different I might agree that any error or any procedure irregularity is harmless. But in this case, I'm just I'm just not sure and frankly for more I I just don't see the problem with a remand to let Mr. Smith file a motion. Let the government file a response and let the district court issue a ruling and it may be that it ends up in the exact same place that it's going to be and so be it. But it's just odd. Imagine a situation where the government isn't heard on something and the district court rules without getting the government's perspective. The government says judge we'd like leave to file this motion. The judge says leave granted you can file the motion you tell the judge what the motion is going to be about of course and then before you file the motion the judge says, you know what that motion is tonight. You'd be screaming and hollering and for good reason because you haven't had an opportunity to present your perspective on things. That's just my take. I certainly understand that your honor again. I'm going to point to a few areas of the record that I think are important in addressing that specific concern and the first one is going to be document 142. This is a council motion for reconsideration and what council says and paragraph 6 of that when requesting an opportunity to file something else council says request the opportunity to make complete substantive legal and factual arguments in support of his eligibility for relief goes on to say Mr. Smith will provide as an attachment to the reply and updated case law summary detailing the current state of the law on the issues raised in his motion. So the problem with that motion though is that the district court and you've conceded this was was wrong in its first holding about eligibility for relief and so in so far as the district court doesn't want to reconsider that it doesn't really help you very much. Well judge prior the point that I'm trying to make with these record citations is that Mr. Smith did in fact have opportunities to put more additional information before the court whether it was post sentencing rehabilitation type of information and it virtually every step every step of the council motions declined to do that always kept it to the issue of eligibility and it's no wonder that the United States did not respond on the issue of whether this particular defendant would warrant argument serving the supporting Judge Jordan's belief. It seems like you're trying to say that he got the chance to do it and that seems to acknowledge. I think Judge Jordan's idea that there's some fairness to allowing him to at least be heard. Well, the first district if the district court denies relief on one ground only and that's eligibility a motion for reconsideration is only going to target that issue, right? And so it's only it's only in denying the motion for reconsideration that the court provides the alternative reason and says by the way, even if you are eligible, I would deny a reduction for these reasons. Well that same order also denied Mr. Smith's pro se motion for reconsideration and in that pro se motion for reconsideration, he brought up his rehabilitation in the prison environment that he was a mentor. He talked about his daughter. He talked about his regret over his offense that he was there for he went into a lot of this type of information that I think he's now arguing. He was never allowed to present the first step act doesn't provide any particular procedure for getting that information before the court. It doesn't even require the court to consider it or to have a hearing on that type of information, but he was still able to get that information before the court before the court rejected it and said, I don't think this is a case where a sentence reduction is warranted. So the argument for Mr. Smith as I see it is very technical. He never technically filed a counseled motion with any sort of detachment of prison disciplinary infractions or lack thereof or any letters from family members or any of that type of thing that we may see in these cases, but it doesn't follow that that makes the court's alternative ruling and abuse of discretion. The court has already pointed out here that this specific judge had been with the case from the beginning and the sentencing transcript, which is part of the record below details. How thoughtful this judge was when coming up with the original sentence and it had considered all of these things that as some of which were basis for basis for the enhancements below and gave them consideration once again in this motion in this first step act proceeding, even though nothing within the first step act required it to do so. So really the narrow focus in this case should be whether the district court's order denying that sentence reduction comported with what this court requires it to do this court requires it to tell us what the bases were clearly and unambiguously this court requires nothing more than that and the the order at issue here. Absolutely did that. I don't believe there can be serious debate that we don't know the bases on which the court relied when it decided to deny a sentence reduction in this case. So that really is the focus but the collateral issue if you will of whether Mr. Smith was given an opportunity to present. Yes, he was again not in the technical sense that Mr. Smith is advocating for but again not required. It doesn't appear that I have any more questions. So at this point, I will thank the court for its time and ask you to affirm the lower court. Thank you. Thank you. Thank you. Miss different counsel. You've saved five minutes and your honor. I just want to respond to a couple points that my colleague just made Mr. Smith's pro se letters to the court don't substitute for complete briefing and I don't think that it's a technical or collateral point that Mr. Was repeatedly denied an opportunity to be heard especially where in this context movements only have one chance at this type of relief the record below here. The issues in the record below here could have easily been remedied if as Judge Jordan pointed out this district court simply allowed. Mr. Smith to follow the procedure that is almost always followed in these cases, which is that each of the parties have an opportunity to brief the case and the district court has before it some information about the appropriateness of exercising its discretion and then the district court can make its determinations. So on this record, this court should not be satisfied that the district court understood its authority under the first step back to consider defendants motion and the party's arguments before deciding whether to exercise its discretion. We know that hasn't happened here because the district court twice made erroneous eligibility findings and three times denied. Mr. Smith's request to be heard had nothing before it from the parties on the exercise of discretion because the record here is insufficient to allow for a meaningful appellate review. This court should remand for reconsideration and the benefit of briefing from the parties. If the court has no further questions, I'll conclude my argument. Thank you, your honors. Thank you.